The Chief Justice
delivered the opinion of the court.
This was an action of debt brought by the plaintiff as payee, against the defendants as drawers of a bill of exchange.
The declaration in substance alledges, that the defendants on the 18th of August, 1817, at the town of Port William, in the circuit of Gallatin, drew their bill of exchange upon Richard Brown & co. for the sum of $348 28, payable at sight to the plaintiff, which said bill of exchange was duly presented for payment to the said Richard Brown & co. to wit: on the 15th of December, 1817, at Pittsburg, in the state of Pennsylvania, and that the said Richard Brown & co. totally denying the right of the defendants to draw upon them for that sum or any part thereof, failed and refused to pay the same, whereupon the plaintff, by his agent, caused the said bill of exchange to be protested, in due form, of which refusal and protest the defendants afterwards had due notice, to wit. on the 23rd of February, 1818, whereby they became liable to pay, &c.
Judgment was taken by default against the defendants, for the debt in the declaration mentioned with interest from the date of the writ until paid, and costs, and from that judgment the defendants have appealed to this court.
The errors assigned question the sufficiency of the declaration, and the propriety of the form of action.
To the declaration it is objected that the times alledged when the bill was presented to the drawers, and when the notice of protest was given to the defendants were not reasonable, and consequently, that they were insufficient to infer the liability of the defendants.
This objection is founded wholly upon the supposition, that the precise days alledged when the bill was presented, *600 and the notice of protest was given, are to be taken to be true as if found by the verdict of a jury.
In an action on a protested bill of exchange, and judgement by default, the days of presentation and notice of protest are immaterial, and may be proved to be different from these alledged; an avermen that the bill was duly protested & due notice given, is good but the proof must shew those things to have been done in reasonable time.
Debt lies on a protested bill, and no consideration need be alledged; the law implies it.
Hardin for appellant, Bibb for def’t.
But this supposition we apprehend is erroneous. As the judgment was taken by default, the material and traversable allegations of the declaration must, no doubt, be taken to be true, but those which are not material or traversable, cannot be so taken, and the days alledged when the bill was presented and the notice of protest was given, are of the latter character.
Had the defendants pleaded, the plaintiff’s might have shewn that the bill was presented, and the notice of the protest given, on days different from those alledged, and of course under the averments that the bill was duly presented, and that notice of the protest was given in due time, it could have been competent for him to shew, that these things were done in reasonable time.
These averments, therefore, and not the days when the presentment of the bill is alledged to have been made, or the notice of protest given are material, and consequently, the former and not the latter, are to be taken to be true.
The objection that the action is in debt and not assumpsit, is evidently untenable. It is well settled that an action of debt will lie by the payee against the drawer of a bill of exchange, and it is no more necessary to alledge a consideration in the one form of action than in the other. In either case the law implies a consideration, and where a consideration is implied, it is not necessary to be averred.
The judgment must be affirmed with costs and damages.